# IN THE CIRCUIT COURT OF
# ST. LOUIS COUNTY
# STATE OF MISSOURI
# ASSOCIATE DIVISION

| | | |
|---|---|---|
| **STEVE GRAY** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. |
| v. | ) | |
| | ) | Division |
| **CACH, LLC** | ) | |
| | ) | |
| Serve at: | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| CT Corporation System | ) | |
| 208 So. LaSalle St., Suite 814 | ) | |
| Chicago, Illinois 60604 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **JOHN C. BONEWICZ, PC** | ) | |
| | ) | |
| Serve at: | ) | |
| John C. Bonewicz or Registered Agent | ) | |
| 350 N. Orleans Street | ) | |
| Chicago, Illinois 60654 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **JOHN C. BONEWICZ** | ) | |
| | ) | |
| Serve at: | ) | |
| 350 N. Orleans Street | ) | |
| Chicago, Illinois 60654 | ) | |
| | ) | |
| Defendants. | ) | |

## **PETITION**

COMES NOW Plaintiff, Steve Gray, and for his Petition states as follows:

1

## INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to challenge Defendants' litigation misconduct, including but not limited to false representations about the validity and amount of the debt Plaintiff allegedly owed, and the manner in which Defendants litigated the matter to the brink of trial and then dismissed the matter as described more fully below.

3. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FDCPA claims under 15 U.S.C. § 1692k(d) because Defendants' illicit conduct was directed at Plaintiff in St. Louis County. Venue is also appropriate in this Court for that reason.

## PARTIES

5. Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

6. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the debt arose from a personal credit card issued by CitiFinancial, Inc.

7. Defendant John C. Bonewicz, PC (the "Bonewicz Firm") is a foreign professional corporation with its principal place of business in Chicago, Illinois. The principal business purpose of the Bonewicz Firm is the collection of debts in Missouri and nationwide, and the Bonewicz Firm regularly attempts to collect debts alleged to be due another.

2

8. Defendant John C. Bonewicz is the owner, principal officer, and/or manager of The Bonewicz Firm and is himself a debt collector. Bonewicz directed the Bonewicz Firm's operations and set its policies as to the FDCPA violations alleged below.

9. Defendant CACH, LLC ("CACH") is a foreign limited liability company with its principal place of business in Chicago, Illinois. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

10. The Bonewicz Firm is CACH's agent for purposes of collecting Plaintiff's debt.

11. CACH and the Bonewicz Firm, upon information and belief, are parties to an agreement specifies that the Bonewicz Firm is to provide collection services for CACH.

12. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants are "debt collectors" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

**FACTS**

13. Defendants' collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

14. Defendants' relevant collection activity consisted of a lawsuit filed against Plaintiff.

15. On December 11, 2013, the Bonewicz Firm filed a lawsuit on behalf of CACH against Plaintiff in St. Louis County Associate Circuit Court, Cause No. 14SL-AC36609 ("Collection Suit"), a true and accurate copy of which is attached hereto as **Exhibit 1**.

16. The Collection Suit made, *inter alia*, the following allegations:

    a. That CACH was the assignee of the original creditor, CitiFinancial, Inc.;

    b.    That there was an agreement between CitiFinancial, Inc. and Plaintiff; and

    c.    That CitiFinancial, Inc., and subsequently CACH, made a demand for payment of the outstanding sum of $9,856.13, but Plaintiff has refused to pay.

17. CACH failed to attach an affidavit from the original creditor substantiating its allegations in its Collection Suit; this is not in compliance with the requirements of <u>CACH, LLC v. Askew</u>, 358 S.W.3d 58, 63 (Mo. banc 2012).

18. CACH should be intimately familiar with the requirements imposed by Missouri courts for substantiating the existence and accuracy of an alleged debt.

19. Notwithstanding, CACH engaged in the very same conduct for which the Supreme Court of Missouri has already admonished it.

20. Attached to the Collection Suit as an exhibit was a document styled "AFFIDAVIT OF CLAIM", a true and correct copy of which is attached hereto as **Exhibit 2**.

21. CACH falsely and deceptively represented to the Court and the Plaintiff that it possessed personal knowledge of the existence and accuracy of Plaintiff's alleged debt.

22. However, CACH's affidavit was made by *CACH's* employee, not an employee of Plaintiff's original creditor.

23. Such testimony does not establish with sufficient specificity the manner, mode, and time of preparation of any records provided to CACH by the original creditor.

24. Rather, the affiant testified in generalities and claimed to be a qualified witness because of her "experience in reviewing such records and from common knowledge about how Consumer Loans work."

25. CACH's affidavit of indebtedness was therefore not made by anyone with personal knowledge about the debt, although CACH falsely and deceptively claimed in the affidavit that it did have such personal knowledge.

26. The affiant further claimed that "Exhibits" were attached to the Collection Suit or Exhibit 2.

27. No such exhibits were actually attached to the Collection Suit or Exhibit 2.

28. The non-existent exhibits referenced presumably were the original creditor's records regarding Plaintiff's account.

29. Defendant's failure to attach any of the records its affiant references further demonstrates the dearth of factual support for its claim that Plaintiff's debt exists and the Plaintiff owes the debt.

30. Defendants did not attach any contract or agreement purportedly existing between the original creditor and Plaintiff to the Collection Suit.

31. Failing to attach the contract between the original creditor and Plaintiff is a violation of Mo. Rev. Stat. § 517.031 and constitutes an unfair collection tactic.

32. Additionally, Defendants failed to attach any records of assignment of Plaintiff's alleged debt from the original creditor to any subsequent creditors, including CACH.

33. CACH sued on Plaintiff's alleged debt without any intent or means of substantiating the balance owed or even confirm that there was indeed a debt in the first place.

34. Defendants came to realize, after many years of suing consumers like Plaintiff, that the vast majority of debtors lacked the resources to come into court to defend CACH's meritless and unsubstantiated debt collection lawsuits.

35. CACH lacked (1) valid proof of assignment from Plaintiff's original creditor and any subsequent debt purchasers to Defendant, (2) valid proof that the debt was even owed, and (3) the required contract needed to obtain judgment.

36. Nevertheless, Defendant filed the Collection Suit intending to take advantage of Plaintiff's dire economic circumstances and unsophistication.

37. The fact that Defendants never possessed the means or intent to prove their allegations was confirmed by their actions once Plaintiff tested the veracity of their claims.

38. On January 15, 2014, Plaintiff sent Defendant CACH written discovery requests requesting proof to support the allegations Defendants made within their Petition.

39. Defendants neglected to even respond to such requests, much less produce documentation evidencing the chain of assignments relating to Plaintiff's alleged debt, the contract between Plaintiff and his original creditor, or bills substantiating each charge that comprised Plaintiff's alleged debt.

40. Additionally, by refusing to offer any response to Plaintiff's Requests for Admission, Defendant CACH admitted each matter stated therein.  Mo. R. Civ. P. 59.01.  A copy of Plaintiff's discovery requests and Defendant CACH's corresponding admissions is attached hereto as **Exhibit 3**.

41. By its own admissions, Defendant CACH unlawfully filed the Collection Suit against Plaintiff.

42. Even though Defendants refused to engage in good-faith discovery to support their allegations, they nonetheless maintained their unlawful Collection Action against Plaintiff for 5 more months.

43. Defendant filed the Collection Suit and forced Plaintiff to the brink of trial before dismissing the case.

44. During the entire course of the Collection Suit, Defendant had full knowledge that it lacked the evidence required in Missouri to prove (1) Defendant's standing to sue Plaintiff and (2) the amount and/or validity of the debt.

45. Defendant filed and pursued the Collection Suit while actively and falsely representing to the Court (via the bogus affidavit of indebtedness that Defendant did present to the Court) that Defendant had standing and sufficient proof as to the validity and amount of the debt.

46. But for these false representations, Defendant would not have maintained the Collection Suit against Plaintiff to the brink of trial and forced Plaintiff to incur attorneys' fees to defend against a meritless legal action.

47. Plaintiff never entered into any agreement whereby he consented to arbitrate disputes between himself and Defendant.

48. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to attorneys' fees to defend against the meritless Collection Suit, anxiety, frustration, and worry.

**COUNT I: VIOLATION OF THE FDCPA**

37. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

38. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

   a. Utilizing false, unfair, and misleading representations in connection with the collection of a debt; 15 U.S.C. § 1692d-e;

b. Engaging in deceptive and harassing conduct in the collection of a debt, 15 U.S.C. § 1692d-f; and

c. Using unfair and unconscionable practices to attempt to collect the debt. 15 U.S.C. §1692f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Release of the alleged debt;

D. Statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

E. For such other relief as the Court may deem just and proper.

VOYTAS & COMPANY

/s/ Richard A. Voytas, Jr.
_____
Richard A. Voytas, Jr., #52046
Alexander J. Cornwell, #64793
Voytas & Company
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1068

Electronically Filed - St Louis County - December 11, 2014 - 08:26 PM