UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION
www.moed.uscourts.gov

| | |
|---|---|
| STEVE GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15 CV 228 RWS |
| ) | |
| CACH, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Steve Gray's amended complaint asserts that Defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. ¶ 1692, et seq. by filing a debt collection lawsuit against Gray in state court. Defendants have moved for summary judgment arguing that their filing of a lawsuit in an attempt to collect the debt owed by Gray is not a violation of the FDCPA as a matter of law. I will grant Defendants' motion because they did not violate the FDPCA by filing their collection action in state court.

*Background*

Defendant CACH, LLC buys consumer credit accounts that are in default and attempts to collect the debt.[1] CACH does not have any employees or directly engage in the collection of past due accounts itself. Instead, it retains the services

---

[1] CACH is a wholly owned subsidiary of SquareTwo Financial Corporation.

of collection agencies and law firms to pursue the collection of the accounts CACH has purchased.

CACH purchases consumer credit accounts in default from CitiFinancial, Inc.[2] CACH and CitiFinancial's relationship is governed by a Purchase and Sale Agreement dated March 22, 2012. [Doc. # 29, Defs.' Statement of Undisputed Facts, Ex. 2] In that agreement, CitiFinancial represents that each account that it sells to CACH is a legal, valid, and binding obligation of the account holders; the past due balance provided to CACH is correct; and the information about the accounts provided to CACH in an electronic data file is materially true and correct. [Id. at § 3.3.1]

The documents provided to CACH by CitiFinancial state that Plaintiff Gray had an account with CitiFinancial. On June 29, 2012, the account was charged off by CitiFinancial with an outstanding balance of $9,856.13. [Doc. # 29, Defs.' Statement of Undisputed Facts, Ex. 6, Redacted Schedule of Account p.9] CACH purchased Gray's account in July 27, 2012. [Doc. # 29, Defs.' Statement of Undisputed Facts, Ex. 5, Bill of Sale]

Defendant John C. Bonewicz is an attorney. Defendant John C. Bonewicz, P.C. is Bonewicz's firm. Plaintiff Gray alleges that Bonewicz is a debt collector

---

2 CitiFinancial, Inc. changed its name in 2011 to OneMain Financial. See www.onemainfinacial.com – "about us;" Doc. # 29, Defs.' Statement of Undisputed Facts, Ex. 1, p. 89 and Lefler v. One Main Fin., No. 1:13-CV-0371, 2013 WL 5774703, at *1 (W.D. La. Oct. 24, 2013). For clarity I shall refer to this entity as CitiFinancial. Defendant's suggestion that there is not a record of the sale of Defendant's account from CitiFinancial to OneMain Financial is without merit. They are the same entity.

himself and was acting as CACH's agent in the actions that give rise to this lawsuit.

On November 12, 2013, Bonewicz's law firm filed a lawsuit on behalf of CACH against Gray to collect the charged-off account in the Circuit Court of St. Louis County's Associate Division in the case styled <u>CACH v. Gray</u>, Case No. 13SL-AC36609. In connection with the lawsuit, an authorized agent of CACH, Melissa Marquez, submitted an Affidavit of Claim, dated October 30, 2013, stating that CACH purchased Gray's account from CitiFinancial, the account was in default, and that the amount payable and due on the account was $9,856.13. When this affidavit was drafted CACH possessed at least two documents to support its claim; the bill of sale assigning Gray's account to CACH and a redacted account list. [Doc. # 29, Defs.' Statement of Undisputed Facts, Ex. 1, p. 89] The account list revealed Gray's account information including the date the account was opened, the date of Gray's last payment, the date the account was charged-off, and the outstanding balance of the account. On October 4, 2013, CACH made its last request to CitiFinancial to send additional information and documentation regarding Gray's account. [<u>Id.</u> at pp. 54-55] At some point before or during the litigation of the case in state court CACH received a transaction history of Gray's account from CitiFinancial. [<u>Id.</u> at pp. 88 and 141-143 (CACH obtained the transaction history and it was reviewed before the August 20, 2014 trial setting)]

The underlying lawsuit in associate circuit court was filed on November 11, 2013 and a hearing was set on January 15, 2014. [Doc. # 37, Pl.'s Response to Defendants' Statement of Undisputed Facts, Ex. B] On January 15, 2014, counsel for Gray entered an appearance in the case, Gray served discovery on CACH and the hearing was reset to February 19, 2013. CACH served its discovery on Gray on February 14, 2014. The February 19th hearing was continued to March 26, 2014. The hearing was continued two more times to April 23, 2014 and to May 21, 2014. On May 21, 2014, a trial was set for August 20, 2014. On August 20, 2014, upon advice of counsel, CACH elected to voluntarily dismiss the lawsuit without prejudice. [Doc. # 29, Defs.' Statement of Undisputed Facts, Ex. 1, p. 139]

On December 11, 2014, Gray filed the present lawsuit against CACH in the Circuit Court of St. Louis County, Associate Division. Gray claims that CACH violated the FDCPA in filing the collection lawsuit against Gray. The case was removed to this Court on February 3, 2015. CACH has moved for summary judgment which has been fully briefed.

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law.  Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)).  The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof.  Id. at 324.  In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy.  Crossley v. Georgia Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Analysis*

The undisputed evidence in this matter establishes that CACH had a business relationship with CitiFinancial in which CACH purchased defaulted accounts and attempted to collect the outstanding account balances from the account holders.  CitiFinancial represented to CACH that the accounts sold to CACH were legal, valid, and binding obligations of the account holders; the past due balance provided to CACH was correct; and the information about the

accounts provided to CACH in an electronic data file was materially true and correct.

When CACH filed its lawsuit against Gray in state court on November 12, 2013, CACH had purchased Gray's account from CitiFinancial, knew that the account was charged-off, and knew the outstanding balance on the account was $9,856.13. CACH also had CitiFinancial's transaction history for Gray's account before the trial setting on August 20, 2014. CACH never responded to Gray's discovery requests and dismissed the case without prejudice on August 20, 2013.[3] Eight days later, on August 28, 2014, CitiFinancial transmitted to CACH an Affidavit of Sale. [Doc. # 29, Defs.' Statement of Undisputed Facts, Ex. 1, p. 76] That document verified the individual account information for the accounts (including Gray's) purchased by CACH. [Id. at 66]

Gray asserts in the present lawsuit that CACH's lawsuit violated the FDCPA because CACH did not have a copy of the loan agreement / contract between Gray and CitiFinancial. Gray asserts that the allegations in the state lawsuit that Gray and CitiFinancial entered into a contract wherein credit was extended to Gray was false and misleading because CACH did not have a copy of the contract (and has never received a copy of the contract). Gray also asserts that the Affidavit of Claim attached to the state court petition was misleading because it was prepared

---

3 The parties have not indicated whether Gray ever responded to CACH's discovery requests.

by a CACH employee verifying the debt when the debt verification should have been prepared by CitiFinancial.

Although CACH did not have the contract between Gray and CitiFinancial it did have the bill of sale and the schedule of Gray's account. The affiant of the Affidavit of Claim states that she reviewed the records provided to CACH which indicated that Gray owed $9,856.13 on the account. The fact that CACH did not have the contract before the state lawsuit was filed does not, by itself, support a claim of bad faith against CACH. CACH had a general sale agreement with CitiFinancial and relied on the information CitiFinancial provided regarding the Gray account to initiate the lawsuit against Gray.

The record does not reveal why CitiFinancial failed to provide its contract with Gray to CACH. Nothing in the record indicates that CACH knew that it would not receive the contract. Nor does the record reveal why CACH decided to voluntarily dismiss its lawsuit against Gray without prejudice. Under Missouri law, CACH had the unequivocal right to dismiss the lawsuit prior to the swearing in of a jury panel for voir dire or, in cases tried without a jury, prior to introduction of evidence at trial. Mo. Sup. Ct. R. 67.02. Moreover, Gray's challenges to the Affidavit of Claim and to CACH's failure to produce the contract with Gray were issues to be raised in summary judgment and other motion practice with the state trial court. CACH's failure to obtain the contract between CitiFinancial and Gray

did not violate the FDCPA.  Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 330-31 (6th Cir. 2006) ("the filing of a debt-collection lawsuit without the immediate means of proving the debt does not have the natural consequence of harassing, abusing, or oppressing a debtor" or "be said to be an abusive tactic under the FDCPA.").

Filing a collection lawsuit does not give rise to an FDCPA case merely because the factual allegations in the lawsuit were not adequately supported. Hemmingsen v. Messerli & Kramer, P.A., 674 F.3d 814, 819 (8th Cir. 2012)(no FDCPA claim arises when creditor failed to produce evidence that a contract or account existed between the creditor and the alleged debtor in an underlying collections lawsuit).  The facts alleged in CACH's state lawsuit against Gray, including that he owed money on an account which was charged-off, that the account was purchased by CACH, and the amount of the outstanding balance of the account, are all supported by the information provided by CitiFinancial to CACH.  The fact that CACH was unable to produce the contract between CitiFinancial and Gray to further support its claim does not amount to a violation of the FDCPA.  See  Layton v. CACH, LLC, No. 4:15CV00752 AGF, 2015 WL 6736121, at *4 (E.D. Mo. Nov. 4, 2015) (lack of documents in state court action does not establish and FDCPA claim).

The Court of Appeals for Eighth Circuit Court indicated in <u>Hemmingsen</u> that an FDPAC claim might be asserted under certain circumstances. For example, when the evidence could establish that the debt collector lawyer "routinely files collection complaints containing intentionally false assertions of the amount owed, serves the complaints on unrepresented consumers, and then dismisses any complaint that is not defaulted." <u>Id.</u> at 818. Those circumstances were not present in CACH's state court lawsuit against Gray. The amount of the debt was received from CitiFinancial and not misrepresented by CACH. There is not any evidence in the record is that CACH only files lawsuits against unrepresented consumers. [Doc. # 29, Defs.' Statement of Undisputed Facts, Ex. 1, p. 138 (in half the collection cases in which CACH's custodian of records has testified, the defendant is represented by counsel)] There not any evidence in the record that CACH dismisses any claim that is not defaulted. To the contrary, CACH's custodian of records has testified in trials where defendants were represented by counsel and she was preparing for Gray's trial in August 2014, seven months after Gray's counsel entered his appearance in the case. [<u>Id.</u> at 138 - 141]

Moreover, in the present lawsuit Gray has not come forward with any evidence that he did not owe a debt to CitiFinancial or dispute, with admissible evidence, the amount of the debt alleged in CACH's state court lawsuit. Gray is the plaintiff in this case and it is his burden to prove that CACH was attempting to

collect a debt that did not exist or made material misrepresentations in the collections lawsuit in violation of the FDCPA. Gray has failed to carry that burden. Gray has never filed an affidavit or other evidence that he did not get a loan from CitiFinancial.[4] Instead, Gray asserts that CACH failed establish the debt in the state court lawsuit which triggered Gray's FDCPA in this Court. However, CACH has produced sufficient undisputed evidence in this Court that its actions in the state court lawsuit did not violate the FDCPA and Gray has failed to identify material facts, genuinely in dispute, which would prevent the granting of summary judgment in Defendants' favor.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' motion for summary judgment against Defendant Steve Gray [27] is **GRANTED**.

*/s/ Rodney W. Sippel*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of March, 2016.

---

4  In support of his denial that he had a loan with CitiFinancial, Gray argues that his attorney's entry of appearance in the state court lawsuit automatically denied all the claims in CACH's state court lawsuit against Gray. This is legal gamesmanship. Gray has never affirmatively presented his own affidavit or testimony denying he was party to the loan / account in dispute in this case. Instead, he argues that CACH is unable to produce the contract. The undisputed evidence is that CitiFinancial represented to CACH that Gray had an account with CitiFinancial with an outstanding balance of $9,856.13.